# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1.     EXECUTIVE RECYCLING, INC.,
2.     BRANDON RICHTER, and
3.     TOR OLSON,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO RECONSIDER

This matter is before the Court on the Government's Motion to Reconsider (ECF No. 106) the Court's Order as to Deposition of Gary Tam (ECF No. 104) and Amended Order as to Deposition of Edmund Fung (ECF No. 105). Defendant Tor Olson has filed a Response to the Motion to Reconsider (ECF No. 109), as have Defendants Executive Recycling, Inc. and Brandon Richter (ECF No. 111). The Government has filed a Reply. (ECF No. 114.)

Before addressing the merits *vel non* of the Motion to Reconsider, the Court finds it necessary to point out two practices of counsel in this action that have come to trouble the Court. The first is the lack of meaningful meet-and-confer efforts between counsel for the Government and counsel for Tor Olson as to the taking of the depositions in Hong Kong. (*See* ECF No. 35; ECF No. 36; ECF No. 37, ¶ 9; ECF No. 55, ¶¶ 1-3; ECF No. 80, at 1-2; ECF No. 106, at 3; ECF No. 109, at 4-5.) While the parties have agreed

that the depositions in Hong Kong will take place, they have agreed to little else. The Court disapproves of the failure of counsel for the Government and counsel for Tor Olson to meaningfully meet and confer on these unresolved issues. The Court orders all counsel in this action to fully comply with WJM Revised Practice Standard VIII.D in this action and in any other action in which counsel appear before this Court.

The Court also notes that the Government's Motion to Reconsider is three pages long (exclusive of signature blocks and certificate of service) but the Government's Reply brief is eight pages long. The Court finds that much if not all of the content of the Reply should have been included in the Motion to Reconsider. The Court has already admonished counsel for Tor Olson for briefing a separate motion in a similar way. (*See* ECF No. 63, 92-1, 93.) In that Order, the Court also stated, "All counsel of record in this action are hereby put on notice, for purposes of this action and any other actions in which counsel appear before this Court, that the Court strongly prefers that pretrial motions fully explain the bases for the motions, so that briefing will be complete upon the filing of the response." (ECF No. 93.) Counsel for the Government has now violated that Order. The Court will no longer tolerate this briefing practice, and any briefs that do not comply with this admonishment will be stricken without leave to re-file.

The Court now turns to the merits of the Government's Motion to Reconsider. In the Motion to Reconsider, the Government asks that the Court remove the conditions in paragraphs 5 and 6 of the Court's Orders authorizing the depositions. Those paragraphs read:

> (5) The Government shall file a copy of the Request with this Court within 7 days of the Request being sent to the Hong Kong Authority. Further, the Government shall provide notice of any status changes of the Request to

2

> the Court and Defendants, including any requests by the Hong Kong Central Authority to modify the terms of the Request.
>
> (6) The Request shall include all of the specific procedures identified in this Order.

(ECF No. 104, at 3 ¶¶ 5-6; ECF No. 105, at 3 ¶¶ 5-6.)  The Government argues that it should not have to file or otherwise disclose the MLAT request it submitted to the U.S. Department of Justice's Office of International Affairs ("OIA") (who forwarded it to Hone Kong's Department of Justice).  It further argues that, at the very least, the MLAT request was submitted in December 2011, and therefore cannot be filed with the Court within seven days from the date on which it was submitted to Hong Kong's Department of Justice.  Finally, the Government attaches an affidavit from Dan E. Stigall, a trial attorney with the OIA, which represents, *inter alia*, that

> Counterparts in Hong Kong's Department of Justice have received the [MLAT] request and have indicated their willingness to provide the assistance requested.  Moreover, counterparts in Hong Kong's Department of Justice have seen the court order relevant to the depositions and have indicated that the terms of that order do not pose any obstacle to the successful execution of the U.S. request.

(ECF No. 106-1, ¶ 6.)

In response, Defendant Olson argues that the Government should be forced to disclose not only the MLAT request, but also any relevant communications between the U.S. Government and counterparts in the Hong Kong Department of Justice.  (ECF No. 109.)  In essence, he argues that he needs these documents in advance of the depositions to ensure that his constitutional rights will be protected during the depositions.  Defendants Executive Recycling, Inc. and Brandon Richter join in Defendant Olson's Response.  (ECF No. 111.)

3

The Court grants in part and denies in part the Government's Motion to Reconsider. The Court will not require the Government to file or otherwise disclose the MLAT request, nor will the Court require the Government to produce any conversations counsel for the Government had, or have in the future, with counterparts in Hong Kong's Department of Justice. The Government represents that the MLAT request and the relevant communications contain information about the Government's theory of this case. (ECF No. 114, at 8.) These concerns outweigh Defendants' purported need for assurances that their constitutional rights will be protected during the course of the depositions. The basis for this conclusion is that the Court's orders have only held that the depositions will take place, not that the depositions will be admissible at trial. If the depositions are conducted in such a way that Defendants' constitutional rights are not protected (for example, no meaningful opportunity for cross-examination), the Court will not allow their introduction at trial. Therefore, **all** of the parties to this action, including the Government, have an interest in ensuring that the depositions are conducted in such a way that Defendants' constitutional rights are protected. The Court has no basis or reason to presume other than that the Government will do whatever it can in its communications with Hong Kong's Department of Justice to ensure that Defendants' constitutional rights are protected.

The Court will retain in its Orders the provision of paragraph 5 requiring the Government to "provide notice of any status changes of the Request to the Court and Defendants, including any requests by the Hong Kong Central Authority to modify the terms of the Request." The Court will add provisions to this requirement that require such notice to be filed with the Court and provided to Defendants in a prompt manner,

and require that they be filed with the Court in a declaration under penalty of perjury.

Because the Court will not require the Government to resubmit its MLAT request to Hong Kong's Department of Justice, the Court will grant the Motion to Reconsider as to paragraph 6 of the Court's Orders authorizing the depositions, omitting the content of that paragraph from the Orders.  Mr. Stigall has declared under penalty of perjury that "counterparts in Hong Kong's Department of Justice have seen the court order relevant to the depositions and have indicated that the terms of that order do not pose any obstacle to the successful execution of the U.S. request."  The Court expects the Government to continue to update the Court and Defendants, via a declaration (or declarations) made under penalty of perjury, with any new information the Government learns from Hong Kong's Department of Justice about the depositions and how they will be conducted.

Thus, the Court's orders, as amended, will contain the following amended paragraphs 5 and 6:

> (5)  The Government shall provide notice of any status changes of the Request to the Court and Defendants, including any requests by the Hong Kong Central Authority to modify the terms of the Request.  The Government shall provide such notice to the Court and Defendants in a prompt manner, via a declaration or declarations made under penalty of perjury.
>
> (6) [omitted]

Contemporaneously with the filing of this Order Granting in Part and Denying in Part Government's Motion to Reconsider, the Court shall enter amended orders authorizing the depositions of Gary Tam and Edmund Fung.  Those amended orders will supercede the previous orders issued.  (*See* ECF No. 104, 105.)

5

In accordance with the foregoing, the Government's Motion to Reconsider (ECF No. 106) is GRANTED IN PART and DENIED IN PART.

Dated this 20th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge